Dear Mr. Fugate:
On behalf of the Town of Inglis, you ask substantially the following question:
Does section 165.022, Florida Statutes, preclude a town from dissolving itself by charter amendment pursuant to section 166.031, Florida Statutes?
In sum:
Section 165.051, Florida Statutes, provides the exclusive manner in which a municipality may be dissolved, by either a special act of the Legislature or an ordinance of the governing body of the municipality, approved by vote of the qualified voters, thereby precluding such action by amendment of the municipality's charter pursuant to section 166.031, Florida Statutes.
You state that a group of citizens has presented a petition to amend the charter for the Town of Inglis to dissolve the town. It is assumed that the citizens are using the procedure in section 166.031(1), Florida Statutes, to petition the placement of a charter amendment on the ballot for a vote by the electorate.[1] You have provided a copy of the petition which seeks to dissolve the town's incorporated status and place the remaining services under county and/or private administration.[2]
Chapter 165, Florida Statutes, is the "Formation of Municipalities Act."[3] The purpose of the act is to provide standards, directions, and procedures for the formation of municipalities in this state.[4]
Section 165.022, Florida Statutes, states:
"It is the purpose of this act to provide viable and usable general law standards and procedures for forming and dissolving municipalities in lieu of any procedure or standards now provided by general or special law. The provisions of this act shall be theexclusive procedure pursuant to general law for forming ordissolving municipalities in this state, except in those counties operating under a home rule charter which provides for an exclusive method as specifically authorized by s. 6(e), Art. VIII of the State Constitution. Any provisions of a general or special law existing on July 1, 1974, in conflict with the provisions of this act shall not be effective to the extent of such conflict." (e.s.)
Section 165.051(1), Florida Statutes, sets forth the dissolution procedures for municipalities in this state:
"The charter of any existing municipality may be revoked and the municipal corporation dissolved by either:
(a) A special act of the Legislature; or
(b) An ordinance of the governing body of the municipality, approved by a vote of the qualified voters."
If a vote of the qualified voters is required, the governing body of the municipality, or the county in which the city is located in the event the municipal governing body fails to act within 30 days, shall set the date of the election.[5]
Section 165.061(3), Florida Statutes, in providing standards for the dissolution of a municipality, provides:
"The dissolution of a municipality must meet the following conditions:
(a) The municipality to be dissolved must not be substantially surrounded by other municipalities.
(b) The county or another municipality must be demonstrably able to provide necessary services to the municipal area proposed for dissolution.
(c) An equitable arrangement must be made in relation to bonded indebtedness and vested rights of employees of the municipality to be dissolved."
While the constitutional grant of home rule powers[6] to municipalities is statutorily recognized in section 166.021, Florida Statutes, it is specifically stated that "nothing in this act shall be construed to permit . . . any changes in a special law or municipal charter which affect the creation or existence of a municipality . . . without approval by referendum of the electors as provided in s. 166.031."[7] Thus, clearly a vote of the electorate is required prior to a charter amendment altering the existence of a municipality.
Section 165.051(1), Florida Statutes, does not recognize a charter amendment as a method of dissolving a municipality. Rather, as noted above, a special act of the Legislature or an ordinance of the governing body of the municipality approved by the qualified voters is the exclusive method for dissolution of a municipality. Moreover, section 165.022, Florida Statutes, specifically states that any provisions of a general or special law existing on July 1, 1974, in conflict with the provisions of Chapter 165, Florida Statutes, are not effective to the extent of such conflict. I would note that the provisions in section 166.021, Florida Statutes, governing the amendment of municipal charters were in existence on July 1, 1974.[8] Thus, the provisions in section 166.021, Florida Statutes, recognizing a charter amendment as a means to affect the existence of a municipality, would not appear to be effective to the extent such provisions conflict with Chapter 165, Florida Statutes.[9]
Accordingly, it is my opinion that section 165.051, Florida Statutes, precludes the use of a charter amendment to dissolve a municipality.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 166.031(1), Fla. Stat., provides:
"The governing body of a municipality may, by ordinance, or theelectors of a municipality may, by petition signed by 10 percent ofthe registered electors as of the last preceding municipal election,submit to the electors of said municipality a proposed amendment toits charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose." (e.s.)
[2] This office offers no comment on the terms of the petition.
[3] Section 165.011, Fla. Stat. Section 2(a), Art. VIII, Fla. Const., provides: "Municipalities may be established or abolished and their charters amended pursuant to general or special law."
[4] Section 165.021, Fla. Stat.
[5] See s. 165.051(2), Fla. Stat.
[6] Section 2(b), Art. VIII, Fla. Const.
[7] Section 166.021(4), Fla. Stat.
[8] See s. 1, Ch. 73-129, Laws of Fla. (1973), effective October 1, 1973.
[9] Cf. Op. Att'y Gen. Fla. 02-79 (2002) (s. 166.031, Fla. Stat., relates to amendment of municipal charters, establishing the right of electors to submit proposed amendments to municipal charters; it does not establish a right for electors to submit proposed amendments to, or to propose, municipal ordinances).